UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL GUADALUPE, | |
| Plaintiff, | Civil Action No. 15-613 (MAS) (TJB) |
| v. | |
| STAFFORD TOWNSHIP, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Stafford Township and Police Chief Joseph Giberson's (collectively, the "Defendants") Motion for Summary Judgment. (ECF No. 17.) Plaintiff Michael Guadalupe ("Plaintiff") opposed Defendants' motion (ECF No. 23) and Defendants replied (ECF No. 24).

Plaintiff filed his two-count Complaint alleging violations of Fourteenth-Amendment procedural and substantive due process rights. (Compl. ¶¶ 91-121, ECF No. 1.) Both counts are based on the alleged unfair evaluation of Plaintiff for promotion to the rank of lieutenant in the Stafford Township Police Department. (Pl.'s Opp'n Br. 7-16, ECF No. 23-3.) In support of his procedural due process claim, Plaintiff argues that he possesses a "legitimate expectation of entitlement that [Defendants'] promotional process would[:] (1) be fair, transparent, and unbiased, and (2) would afford [him] the rights set out in the promotional policy." (*Id.* at 20.) Plaintiff further argues that his property interest arises from Stafford Township Resolutions (Defs.' Ex. F, ECF No. 17-9) and N.J.S.A. 40A:14-129. (*See* Pl.'s Opp'n Br. 21-22.) Finally, in support of his substantive due process claim, Plaintiff argues that a violation occurred because "the exam was arbitrary, capricious, or unreasonable." (*Id.* at 33-34.)

In *Mrazek v. Stafford Township*, No. 13-1091 (D.N.J. Sept. 28, 2016), and *Smith v. Mcvey*, No. 14-5945 (D.N.J. Sept. 28, 2016) (collectively, the "*Consolidated Decision*"), the Honorable Freda L. Wolfson, U.S.D.J., analyzed cases involving similar procedural and substantive due process claims. The Court finds Judge Wolfson's reasoning persuasive and adopts it for purposes of this decision. In the *Consolidated Decision*, Judge Wolfson found that neither the Stafford Township Resolutions nor N.J.S.A. 40A:14-129 gives rise to a "property interest." *Consolidated Decision* at 15. Judge Wolfson, therefore, dismissed the plaintiffs' procedural due process claims. *Id.* Similarly, Judge Wolfson reasoned that substantive due process claims require "property interests" that are "fundamental" under the United States Constitution. *Id.* at 22. Judge Wolfson accordingly determined that there was "no basis [upon which] to find that the right[s] [claimed by plaintiffs] are in fact 'fundamental.'" *Id.*

For the reasons set forth above, and other good cause shown, the Defendants' Motion for Summary Judgment is GRANTED. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 30th, 2016