UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

June 2, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record

Re: *Guadalupe v. Stafford Township, et al.*
Civil Action No. 15-613 (MAS) (TJB)

Dear Counsel:

This matter comes before the Court on Defendants Stafford Township and Police Chief Joseph Giberson's (collectively, "Defendants") Motion for Attorneys' Fees and Costs. (ECF No. 33.) Plaintiff Michael Guadalupe ("Plaintiff") filed opposition (ECF No. 41), and Defendants replied (ECF No. 42). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, the Court DENIES Defendants' Motion.

Defendants seek attorneys' fees and costs as the "prevailing party" pursuant to 42 U.S.C. § 1988, which provides the Court with the discretion to award fees and costs. According to Defendants, "Plaintiff's counsel is well versed in the allegations and claims made in this matter, as a similar case[,] *Kaminski v. Township of Toms River*, No. 10-2883 (D.N.J. Jan. 1, 2014), *aff'd*, 595 F. App'x 122 (3d Cir. 2014), was dismissed that made the same legal claims as the case at bar." (Defs.' Moving Br. 2, ECF No. 33-1.) Defendants argue that Plaintiff's counsel, therefore, "knew or should have known the insufficient legal basis in bringing this action." (*Id.*)

In *Smith v. Stafford Township*, the Honorable Freda L. Wolfson, U.S.D.J., analyzed a similar motion for attorneys' fees and costs involving identical counsel and similar claims as the present case. *Smith v. Stafford Twp.*, No. 14-5945, 2017 WL 1007290 (D.N.J. Mar. 15, 2017). In *Smith*, Judge Wolfson identified differences between the Toms River Ordinance at issue in *Kaminski*, and the Resolution of Stafford Township, which was at issue in both *Smith* and the instant matter. *Smith*, 2017 WL 1007290, at *3. Judge Wolfson, accordingly, determined that "Plaintiffs' counsel was not without any basis for arguing that the Stafford Township Resolution created a legitimate entitlement that was absent in the Toms River Ordinance in *Kaminski*." *Id.* Judge Wolfson further determined that: (1) "Plaintiffs' claims were not contrary to 'well-established' law"; (2) "the largest portion of Defendants' fees and costs in this litigation was a result of Defendants' own litigation strategy"; and (3) "Plaintiffs did not advance [their] claims for improper motives, as a means to harass Defendants, or as litigation abuse." *Id.* at 3-4.

Here, the Court finds Judge Wolfson's reasoning persuasive and adopts it for purposes of this decision. Accordingly, the Court DENIES Defendants' Motion for Attorney's Fees and Costs.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**